# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SHELBY NORRIS,

    Petitioner,

v.                                             Case No. 8:06-CV-163-T-27TBM

JAMES V. CROSBY, JR., et al.,

    Respondents.
_____/

## ORDER

Before the Court is Petitioner's Motion to Dismiss Answer to Show Cause Order and Motion for Enlargement of Time to Reply (Dkt. 21). On December 6, 2006, Respondents filed a response to Petitioner's motion for reconsideration of the order dismissing his petition as barred by the one-year limitations provision applicable to requests by state prisoners for federal habeas relief (Dkt. 17). Petitioner acknowledges having received a copy of the response (Dkt. 21 at 2).

Respondents filed an appendix listing the exhibits presented in support of the response on December 14, 2006, certifying that a copy thereof was contemporaneously mailed to Petitioner at his address of record (Dkt. 19). When Petitioner filed the instant motion on December 15, 2006, he had not yet received a copy of Respondents' list of exhibits (Dkt. 21 at 2). Given this chronology of events, Petitioner's request that Respondents be required to file an amended response and a copy of the index to the exhibits will be denied as moot.

Petitioner urges the Court to compel Respondents to provide him a copy of the exhibits filed in support of the response. A review of the list of exhibits reveals that

Respondents have filed the documents required by Rule 5, Rules Governing Section 2254 Cases (2006), to wit, the state court record on appeal and the documents related to Petitioner's applications for state post-conviction relief.

Relying on the decision in *Thompson v. Greene*,[1] and cases cited therein, Petitioner asserts that he is entitled to a copy of Respondents' exhibits pursuant to Rule 5, Rules Governing Section 2254 Cases (2006), and Fed. R. Civ. P. 5(a) and 10(c). Petitioner's reliance on the Fourth Circuit's opinion in *Thompson* in support of his argument is unpersuasive. As the *Thompson* court noted, Rule 5, Rules Governing Section 2254 Cases (2006), does not explicitly require service of the exhibits. *Thompson*, supra, at 268-69. See also *Pindale v. Nunn*, 248 F.Supp.2d at 364 (same).

Petitioner's reliance on *Horsley v. Feldt* is equally misplaced. 304 F.3d at 1134. In *Horsley*, a defamation action brought by the plaintiff in response to criticisms made of him in the wake of the murder of an abortion provider, the plaintiff sought review of the district court's ruling on the defendant's motion for judgment on the pleadings. *Id.* at 1128. Taken in context, the comment upon which Petitioner relies in *Horsley* does not advance his cause:

> Federal Rule of Civil Procedure 12(c) contains a conversion provision which states that: "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the Rule 7(a) defines "pleadings" to include both the complaint and the answer, and Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." *It would seem to follow that if an attachment to an answer is a "written instrument," it is part of the pleadings* and can be considered on a Rule 12(c) motion for judgment on the pleadings without the motion being converted to one for summary judgment.

---

[1] *Thompson v. Greene*, 427 F.3d 263, 268 (4th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Pindale v. Nunn*, 248 F.Supp.2d 361, 364 (D. N.J. 2003); *Chavez v. Morgan*, 932 F.Supp 1152, 1153 (E.D. Wis. 1996)).

*Id.* at 1134 (emphasis added; footnote omitted). The *Horsley* court merely addressed the circumstances under which a document attached to a motion to dismiss for failure to state a claim may be considered by the district court without converting the motion into one for summary judgment.

As demonstrated below, the holding in *Chavez v. Morgan* is likewise unavailing to Petitioner. 932 F.Supp at 1152-53 (a motion to dismiss is generally not a proper pleading in response to a petition for writ of habeas corpus; the appropriate response is an answer which responds to each allegation contained in the petition and which attaches copies of the judgment of conviction, relevant available transcripts, and any post-conviction pleadings and decisions). Concluding that it did not have the requisite record to rule on Petitioner's habeas petition because the respondent's Fed. R. Civ. P. 12(b)(6) motion seeking dismissal of the petition on procedural grounds was based simply on the allegations of the petition, the *Chavez* court held that:

> The appropriate response is an "answer" which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions (either on direct appeal or otherwise). *See,* Rule 5 of the Rules Governing § 2254 Cases. These latter documents are critical insofar as they, among other things, enable the Court to accurately review the procedural history of the case in order to determine whether the petitioner has exhausted his state court remedies and/or procedurally defaulted with respect to any or all of his claims. . . .
>
> Because the respondent has not filed an appropriate answer, the Court does not have the requisite record. Instead, the respondent, in the customary manner of a motion to dismiss, seeks dismissal based simply on the allegations of the petition itself. But therein lies the problem of using motions to dismiss in habeas cases. Such petitions are typically prepared by *prisoners with little knowledge of the pleading requirements in habeas cases and, more importantly, little to no access to the pleadings and other judicial documents which are necessary to determine whether or not they have properly exhausted their state court remedies.* This case is a classic example. . . . It is all somewhat hazy because the petitioner has attached some, but not all, of the relevant documents to his petition and does not

> (and perhaps cannot) otherwise clearly explain the procedural history of his case. Such circumstances demonstrate the impracticality of addressing exhaustion and default issues in the context of a motion to dismiss based solely on the allegations contained in a habeas petition. Such issues are better raised in the context of an "answer" which attaches all of the requisite documentation and which clearly sets forth the procedural history of the case.

*Id.* at 1153 (emphasis added). The *Chavez* court was clearly concerned with the development of the record rather than service of the exhibits on the petitioner.

Rule 11, Rules Governing Section 2254 Cases (2006), permissive rather than mandatory, provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [the Habeas Rules], *may be applied to a proceeding under these rules*" (emphasis added). Likewise, Rule 81(a)(2), Fed. R. Civ. P., provides, in pertinent part, that the Federal Rules of Civil Procedure "are applicable to proceedings for admission to citizenship, habeas corpus, and quo warranto, *to the extent that the practice in such proceedings is not set forth in statutes of the United States*, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings." Fed. R. Civ. P. 81(a)(2) (emphasis added). Congress has addressed circumstances under which the clerk may provide copies of documents from the record to a petitioner without cost in a federal habeas proceeding:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application *in forma pauperis*, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250 (2006). In the instant case, Petitioner has not sought or been granted leave to proceed *in forma pauperis* in this Court.

As discussed, the documents Petitioner seeks are state court records Respondents were required to file with the Court under Rule 5(d), Rules Governing Section 2254 Cases (2006). It appears that Petitioner already has many of these documents in his possession. *See* Dkt. 2, Appx., and Dkt. 2-4, Index of Exhibits filed by Petitioner on October 21, 2002, December 11, 2002, and January 8, 2003, during his state post-conviction proceedings. Petitioner has not identified with specificity any document filed by Respondents that is not already in his possession, much less demonstrated that he has made any effort to obtain copies of the documents from the state court. Moreover, according to Petitioner's sworn statement (Dkt. 1 at 15), he was represented by counsel at trial and on direct appeal. Having prosecuted a direct appeal, Petitioner should have a copy of the state court record. If not, Petitioner should contact appellate counsel to secure a copy thereof.

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion to Dismiss Answer to Show Cause Order is **DENIED** (Dkt. 21).

2. The Motion for Enlargement of Time to Reply (Dkt. 21) is **GRANTED**. Petitioner shall file his reply to the response within **TWENTY (20) DAYS** hereof.

**ORDERED** in Tampa, Florida, on ___January 11th___, 2007.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:jsh
Copy to: All Parties/Counsel of Record